Case 1:14-cr-00206-SEB-TAB   Document 67   Filed 01/16/25   Page 1 of 4 PageID #: 298

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>BRETT A. HEINS | )<br>)<br>)<br>)<br>) Case No: 1:14-cr-00206-SEB-TAB-1<br>) USM No: 12469-028 |
| Date of Original Judgment: 07/10/2015<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>) _____<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  07/10/2015  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  01/16/2025

*signature: Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:14-cr-00206-SEB-TAB |
| BRETT A. HEINS, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Brett A. Heins's Motion to Reduce Sentence filed pursuant to USSG Amendment 821 [Dkt. 58] and supplemental motion [Dkt. 64]. The Government has filed its response in opposition to the motion [Dkt. 66].

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines for the reasons that the nature of his offense of conviction, to wit, a sex offense, explicitly disqualifies him from eligibility for a reduction. In addition, having received the mandatory minimum sentence, a further reduction based on the Amendment is foreclosed. USSG § 1B1.10.

Pursuant to the holding in *Dillon v. U.S.*, 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)), the changes effectuated by Amendment 821 to the Guidelines do not apply to Petitioner. Petitioner's motion is based on Part B of Amendment 821 to the Guidelines, which potentially alters the status points provision regarding the criminal history computation (USSG § 4C1.1(a)) allowing many offenders who have zero criminal history points a two-level reduction,

if they otherwise are not disqualified by virtue of any of the exceptions, one of which is he must meet all of § 4C1.1's criteria for eligibility.

Petitioner Heins pled guilty and was sentenced on September 10, 2014, to a term of 15 years, which was the mandatory minimum sentence for his offense relating to child pornography. He was assessed a Total Offense Level of 37 and received zero criminal history points under the sentencing guidelines. His Guideline Range was computed to be 210-262 months. However, because his conviction was for a sex offense, he does not and cannot meet all the § 4C1.1 criteria for eligibility for an §821 sentence reduction. USSG § 4C1.1(a)(5). In addition, having received the mandatory minimum sentence for that offense, his sentencing range cannot be lowered based on the applicable amendment.

Petitioner Heins himself perhaps anticipated this result as evidenced by his statement in his petition: "I believe that my sentence should be modified <u>not</u> because of the lack of criminal history points but by my post sentencing conduct." (Emphasis added.) While the Court commends him for his post-conviction rehabilitative success, in showing such progress he is doing exactly what was hoped for and expected when he was originally sentenced, namely, that by the time he is released from custody, he can live a law-abiding life.

Petitioner's motion for reduction of sentence [Dkt. 58] is therefore DENIED.

IT IS SO ORDERED.

Date: _____1/16/2025_____           _Sarah Evans Barker_____
                                    SARAH EVANS BARKER, JUDGE
                                    United States District Court
                                    Southern District of Indiana

<u>Distribution:</u>

Counsel of Record via CM/ECF

Brett A. Heins
#12469-028
FCI Elkton
P.O. Box 10
Lisbon, OH 44432